PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Chevrolet Tracker struck a hole as he was driving south on W.Va. Route 2 near Wellsburg, Brooke County. W.Va. Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:30 p.m. on March 12, 2008. W.Va. Route 2 is a paved, two-lane road at the area of the incident involved in this claim. The posted speed limit is fifty-five miles per hour. As claimant was driving on W.Va. Route 2 at approximately forty miles per hour, his vehicle struck a hole that he estimated was one and a half feet wide. Although claimant travels this road on a regular basis and was aware that there were a series of holes in this area, he was unable to avoid the hole because there was oncoming traffic. As a result of this incident, claimant’s vehicle sustained damage to its undercarriage in the amount of $1,031.31. Since claimant’s insurance deductible at the time of the incident was $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 2. Craig Sperlazza, Brooke County Administrator for respondent, testified that W.Va. Route 2 is a high priority road in terms of its maintenance. Mr. Sperlazza indicated that the two mile stretch on W.Va. Route 2 where this incident occurred had deteriorated during the winter months. Respondent performed maintenance on this stretch of road on March 2, 2008, March 3, 2008, and March 12, 2008. Respondent’s crews used cold mix and perma patch to fill the holes in this particular area.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Although respondent had performed maintenance in this area, the attempts to fill the hole proved inadequate at the time of claimant’s incident. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
*172 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.